**RUSH–PRESBYTERIAN–ST. LUKE'S MEDICAL CENTER, Defendant–Appellee.**

**Mahmoud M. Hammoudah, Petitioner,**

v.

**OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER, Respondent.**

No. 00–1604, 00–2052.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001*.

Decided Feb. 9, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before EASTERBROOK, MANION, DIANE P. WOOD, Circuit Judges.

Order

Mahmoud Hammoudah, who has several advanced decrees, including a Ph.D. in biophysics, is working as a gas station attendant. In a suit under multiple federal statutes he accused Rush–Presbyterian–St. Luke's Medical Center of discriminating on account of his national origin (Egypt), religion (Islam), and age (he was born in 1938) when deciding not to hire him as a radiological physicist.

■ Like the district court, we assume (without deciding) that Hammoudah has established a prima facie case of discrimination. The Center explained that the person it hired in lieu of Hammoudah had significant teaching and clinical experience as a radiation physicist and had published (or was in the process of publishing) 21 scientific papers, some of which demonstrated command of simulation techniques that would be useful in performing the tasks of a radiological physicist at the Center. Hammoudah, by contrast, has not held a teaching position since 1988 and frequently changed jobs before then, has not worked in the field of medical physics since 1994, and has never published a scientific article. Because Hammoudah did not demonstrate that this explanation was a pretext for discrimination, the district court granted summary judgment to the Center. We agree with this assessment and affirm for substantially the reasons given by the district court.

■ We add that, like the district court, we have addressed only the employment decision made in 1997. Hammoudah also protests two earlier refusals to hire him (and alludes to still earlier refusals going back two decades), but he did not file a charge of discrimination within 300 days of any decision other than the one in 1997. The continuing-violation theory, which Hammoudah attempts to invoke, applies only when the discrimination could not have been detected at the time. *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 344 (7th Cir.1999). Hammoudah would have had no less difficulty detecting discrimination in 1996 or 1992 than in 1997. His other appellate arguments are similarly unpersuasive. Even though Hammoudah had no right to appointed counsel, the

district judge went out of his way to recruit one, who Hammoudah rejected on the ground that the lawyer was not an employment-discrimination specialist. If Hammoudah wanted a specialist, he should have done more to find one himself. A person holding multiple degrees and seeking employment in a demanding technical field is not well situated to depict himself on appeal as a helpless person who must be succored at every stage by the district court. None of Hammoudah's other appellate arguments requires comment.

Hammoudah does have a non-appellate argument, however. He filed a complaint with the Office of Special Counsel, a unit of the Department of Justice that investigates and prosecutes discrimination on account of citizenship. Hammoudah's theory, which is within the scope of the Office's statutory charge, 8 U.S.C. § 1324b, is that the Center discriminated against U.S. citizens in favor of aliens. Hammoudah is a citizen of the United States, and the person the Center hired in 1997 is a citizen of Canada. The Office declined to prosecute both initially and on administrative review. But it informed Hammoudah that he could seek judicial review of that decision, 8 U.S.C. § 1324b(d)(2), which he has done. Given our conclusion that the Center had a nondiscriminatory reason to prefer the candidate it hired in 1997, Hammoudah gets no further. The record shows that his rival was hired on the merits, not because of his (or anyone else's) age, religion, national origin, or citizenship.

The judgment of the district court is affirmed, and the petition to review the administrative decision is denied.